# Peterson, Appellant, v. Philadelphia, Baltimore & Washington Railroad Company.

*Negligence—Railroads—Master and servant—Risk of employment—Nonsuit—Fellow servant—Vice principal.*

A man employed on a repair train of a railroad assumes the risks of his employment involved in the stopping of the train at irregular times and at places which are without the facilities expected at regular stations, and he also assumes the corresponding duty of special care in so doing.

The boss or foreman of a repair train of a railroad company is not a vice principal.

Even if the boss or foreman of a repair train should be regarded as vice principal, he is entitled to assume when he gives the signal to start a train, that the engineer will do so in a proper manner.

Argued Feb. 12, 1907. Appeal, No. 305, Jan. T., 1906, by plaintiff, from order of C. P. Del. Co., June T., 1905, No. 150, refusing to take off nonsuit in case of John R. Peterson v. Philadelphia, Baltimore & Washington Railroad Company. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before JOHNSON, P. J.

Plaintiff was employed on a repair train unloading telegraph poles. Hettle, the boss or foreman of the train, gave a signal to the engineer to start it. The engineer in starting the train did so in such a manner that the plaintiff was thrown and injured.

The court entered a compulsory nonsuit, which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*A. B. Geary,* with him *Albert Dutton MacDade,* for appellant.

*J. B. Hannum,* for appellee, was not heard.

PER CURIAM, April 1, 1907 :

The very much over-invoked principle of the duty of employers to provide a safe place for employees to work in has no application to this case. Some occupations involve risks and dangers that are inherent, and an employer is not an insurer against these. The appellant was employed on a repair train, and the very nature of his employment involved the risks of stopping at irregular times and places, getting on and off without the facilities expected at regular stations and the corresponding duty of special care in so doing. There was nothing in the case to show that the place furnished plaintiff to work in was not as safe as the nature of the work permitted.

The " boss " or foreman was not a vice principal, but, even if he had been, he was entitled to assume, when he gave the signal to start the train, that the engineer would do so in the proper manner. The case is squarely within Cunningham v. R. R. Co., *ante*, p. 97, opinion filed at the present term.

Judgment affirmed.